UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| COREY BENNETT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:17-cv-1176 |
| | ) Judge Trauger |
| TONY PARKER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983, an application to proceed in forma pauperis (Docket Entry No. 2), a motion (Docket Entry No. 3) for the appointment of counsel, a motion (Docket Entry No. 8) for an emergency injunction, a motion (Docket Entry No. 9) for a fast and speedy ruling on the application to proceed in forma pauperis, and a motion (Docket Entry No. 10) to review an earlier order assigning plaintiff's cases to a particular Magistrate Judge.

The plaintiff is an inmate at the Riverbend Maximum Security Institution in Nashville. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, the plaintiff's application is **GRANTED**. The Clerk shall file the complaint in forma pauperis. 28 U.S.C. § 1915(a).[1]

---

[1] The plaintiff has accrued at least three strikes. *See* Corey Alan Bennett v. Tennessee Department of Correction, et al., No. 3:14-2024 (M.D. Tenn.)(Campbell, J., presiding)(at Docket Entry No. 7). In this instance, however, he has alleged that he is being sexually assaulted and

1

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against twenty (20) defendants. These defendants include twelve members of the Riverbend staff (Carolyn Jones, Brandi McClure, Michael Sargunis, Ernest Lewis, Celina Taylor, James Horton, Robert Mosley, Robert Bates, Mark Collins, Andrew Brown, Bruce Westbrooks and Frank Heroux) and eight employees of the Tennessee Department of Correction (Tony Parker, Donna Turner, Mandy Ellis, Tom Joplin, Rossi Jackson, Ramon Sherrell, Nathan Miller and Samuel Roberts).

---

abused on an almost daily basis. Docket Entry No. 1 at 4. The Court finds that this is sufficient to suggest an imminent danger of serious physical injury. Therefore, the plaintiff may proceed as a pauper. 28 U.S.C. § 1915(g).

According to the complaint, the plaintiff is "filing this against various TDOC prison officials for allowing me to repeatedly be victimized and raped by Riverbend Warden Bruce Westbrooks." Docket Entry No. 1 at 4. The plaintiff claims that he was made to perform oral sex on the Warden on nine separate occasions while the Warden anally raped him three times. *Id*.

The plaintiff has attempted to file grievances to complain about the sexual abuse he is suffering but the Grievance Chairperson, Brandi McClure, allegedly refuses to process the grievances. *Id*. The plaintiff also insists that he has repeatedly written to Ellis, Brown, Roberts, Sherrell, Jackson, Miller, Turner and Parker about the sexual abuse "to no avail." *Id*. at 5. Defendants Joplin and Jordan have been made aware of the situation but they refuse to follow appropriate procedures mandated by the Prison Rape Elimination Act. *Id.*

While on a visit to the prison in July, 2017, the plaintiff alleges that he informed defendants Parker, Bates, Heroux, Ellis, Turner, Collins, Joplin, Lewis, Roberts, Brown and Sargunis about what had been happening to him. *Id.* These defendants not only ignored the plaintiffs' pleas for help, but they "retaliated against me by directing Cpl. Taylor, Michael Sargunis and Mark Collins to come to my cell and remove all my pen and paper, legal material and denied me access to it." *Id*. at 6. Taylor and Sargunis then "brutally beat me", resulting in two black eyes, a "busted" eye socket, a broken nose and a broken collarbone." *Id.*

The attack was reported to Mosley, Horton and Heroux who refused to take any action against plaintiff's assailants or get him medical care. *Id.* The plaintiff describes a five day period during which he was not allowed out of his cell, had no access to running water, was "butt-naked" and was only fed once. *Id.*

3

The plaintiff specifically alleges that has been sexually assaulted by Warden Westbrooks and physically assaulted by Celina Taylor and Michael Sargunis. Such assaults by prison personnel are actionable under § 1983. Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997). Therefore, the plaintiff has stated a colorable claim for relief against these defendants.

The plaintiff claims that the remaining defendants were aware of the sexual abuse but took no action to prevent it. It is well settled that the plaintiff must allege the personal involvement of a defendant in the alleged misconduct to state a claim under § 1983. Taylor v. Michigan Dept. of Corrections, 69 F.3d 76, 81 (6th Cir. 1995) (the plaintiff must allege facts showing that the defendant participated in, condoned, encouraged, or knowingly acquiesced in the alleged misconduct). A showing of "direct responsibility" for the misconduct is a prerequisite for liability. The mere failure to act, even in the face of a statistical pattern of incidents of misconduct, is not enough to impose liability on a defendant. Rizzo v. Goode, 423 U.S. 362, 376 (1976).

Nevertheless, a failure to investigate complaints or discipline officers can, under certain circumstances, give rise to liability under § 1983. *See* Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987). Such a circumstance arises when one can infer from a willful failure or refusal to investigate that the defendants have ratified the unconstitutional behavior and conditions leading up to an assault. Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990).

According to the complaint, specific acts of sexual and physical abuse were reported to or witnessed by the remaining defendants. The plaintiff claims that these defendants never acted upon his charges. Because their alleged failure to investigate or act could, at this time, be construed as possibly willful, these defendants should be required to answer the plaintiff's claims.

The complaint mentions the Prison Rape Elimination Act, 42 U.S.C. § 15601, *et seq.* Docket Entry No. 1 at 5. Although not yet addressed by the Sixth Circuit, several district courts have recognized that this statute does not create a private cause of action. *See* Montgomery v. Harper, 2014 WL 4104163 at 2 (W.D. Ky.; 8/19/14). To the extent that the complaint might be construed as bringing a claim under this statute, such a claim is hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2); Hill v. Hickman County Jail, 2015 WL 5009301 at 3 (M.D. Tenn.; 8/21/15).

The Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants.

The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court. The Magistrate Judge may recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

The Clerk is further instructed to send a copy of this order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of the plaintiff's inmate trust account

complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

The plaintiff has filed a motion (Docket Entry No. 3) for the appointment of counsel. Given the plaintiff's admission that he sometimes files frivolous lawsuits, the Court hesitates to grant such a motion until he shows some factual support for his claims.[2] Therefore, the motion for the appointment of counsel is deemed to be premature and is **DENIED** for that reason. Of course, the Court would entertain such a motion at a later date should there be a change in the plaintiff's circumstances.

The plaintiff has also filed a motion (Docket Entry No. 8) for an emergency injunction, asking the Court for a transfer to another penal facility. For the reason noted above, this motion is deemed to be premature until the plaintiff can show some factual support for his claims. This motion, therefore, shall be left for the Magistrate Judge to consider.

Finally, the plaintiff has filed motions (Docket Entry Nos. 9 and 10) that seek a ruling on his application to proceed in forma pauperis. Having now made such a ruling, the plaintiff's motions are **DENIED** as **MOOT**.

It is so **ORDERED**.

ENTER this 13th day of October 2017.

_____
Aleta A. Trauger
United States District Judge

---

[2] *See* Bennett v. Brown, et al., No. 3:15-cv-0937 (M.D. Tenn.)(Haynes, S.J. presiding) (case closed 3/1/16) (plaintiff testified at a hearing before Magistrate Judge Joe Brown that he had mental health issues and that when he got frustrated, he coped with his frustrations by filing frivolous lawsuits - Docket Entry No. 50 at 13).